**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 14-00394-VAP (DTBx)          Date: March 20, 2014

Title:   SHEILA ANN CHERNUCHIN -v- JOSEPH BAUM HARRIS; TAXRESOURCES, INC.; TAX AUDIT, INC., AND DOES 1 THROUGH 50, INCLUSIVE

=================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:    ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION (IN CHAMBERS)

     On November 4, 2013, Plaintiff Sheila Ann Chernuchin ("Plaintiff") filed a Complaint in the Superior Court of the State of California in the County of Riverside against Joseph Baum Harris, Taxresources Inc. ("Taxresources"), and Tax Audit, Inc. (Ex. B to Not. of Removal ("Complaint" or "Compl.") (Doc. No. 1).) The Complaint claims constructive fraud and elder abuse and seeks declaratory relief and specific performance. (<u>See generally</u> Compl.)

     On March 2, 2014, Defendant Taxresources removed the action to this Court, asserting this Court's jurisdiction pursuant to 28 U.S.C. § 1441(b), which allows removal of cases over "which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States."

MINUTES FORM 11                                  Initials of Deputy Clerk ___md____
CIVIL -- GEN                    Page 1

EDCV 14-00394-VAP (DTBx)
SHEILA ANN CHERNUCHIN v. JOSEPH BAUM HARRIS; TAXRESOURCES, INC.; TAX AUDIT, INC., ET. AL.
MINUTE ORDER of March 20, 2014

(Not. of Removal ¶ 3.)

Removal jurisdiction is governed by statute.  See 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal.  Etheridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).  The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Taxresources asserts the Court has jurisdiction over this action because it arises under the Employee Retirement Income Security Act ("ERISA").  (Not. of Removal ¶ 3.)  Taxresources argues that Plaintiff is making a claim for benefits under an Employee Stock Ownership Plan ("ESOP"), which is governed by ERISA. (Id.)

Federal subject matter jurisdiction, however, is not apparent on the face of the pleadings.  Plaintiff's Complaint states claims for constructive fraud and elder abuse. Although Plaintiff's claim for constructive fraud alleges that the fraud was related to Taxresources's creation of an ESOP, the Complaint does not seek benefits under the ESOP.  (Compl. ¶ 20.)  Indeed, Plaintiff does not allege to be an employee of Taxresources or otherwise entitled to benefits under the ESOP.  Plaintiff, thus, did not bring this action under a right "arising under" the U.S. Constitution or a federal statute.  See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("the party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the patent or other law of the United States by his declaration or bill.").  See also Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.").

Whether or not a party questions a federal court's subject matter jurisdiction, the district court must raise and address the issue sua sponte.  See FW/PBS, Inc. v.

EDCV 14-00394-VAP (DTBx)
SHEILA ANN CHERNUCHIN v. JOSEPH BAUM HARRIS; TAXRESOURCES, INC.; TAX AUDIT, INC., ET. AL.
MINUTE ORDER of March 20, 2014

City of Dallas, 493 U.S. 215, 230-31 (1990). Additionally, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

Thus, Taxresources is ordered to show cause in writing no later than March 31, 2014, why this matter should not be remanded for lack of subject matter jurisdiction. Plaintiff may file a response to this Order by the same date.

**IT IS SO ORDERED.**